UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KINGLSEY ANYANWUTAKU,

    Plaintiff,

v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 99–1125 (CKK/JMF)

MEMORANDUM OPINION
(April 18, 2006)

Presently before the Court is Plaintiff's [107] Motion to Vacate Order Denying Plaintiff's Motion to Amend, Order Granting Defendant's Motion for Summary Judgment and Order of Dismissal, filed on October 6, 2005. In his Motion to Vacate, Plaintiff, through counsel, asks the Court to vacate its [103] Order denying Plaintiff's Motion to Amend, which was issued on August 12, 2004. Plaintiff also asks the Court to vacate its [106] Order, issued April 5, 2005, adopting Magistrate Judge John M. Facciola's [105] Report and Recommendation and granting [87] Defendant's Motion for Summary Judgment. Based on the aforementioned filings, the relevant statutes and caselaw, and prior orders in this case, the Court shall DENY Plaintiff's Motion to Vacate. The Court shall discuss Plaintiff's Motion to Vacate with respect to each Order in turn.

<u>Order Denying Plaintiff's Motion to Amend Complaint</u>

On October 27, 2003, Plaintiff, through counsel, filed a [101] Motion to Amend Complaint, requesting permission from the Court to amend Plaintiff's already amended Complaint by adding an additional 19 party plaintiffs. On August 12, 2004, the instant Court issued an [103] Order and accompanying [104] Memorandum Opinion denying Plaintiff's Motion to Amend Complaint on the

grounds of delay and lack of new evidence. On October 6, 2005, <u>well over one year</u> after the Court issued its Order denying Plaintiff's Motion to Amend, Plaintiff filed his Motion to Vacate its Order denying Plaintiff's Motion to Amend. Plaintiff, through counsel, filed this Motion to Vacate pursuant to "rule 60(b)(1) & (6)." Plaintiff's counsel also claims that he never received a copy of the Court's [103] Order "until September 7, 2005 when Plaintiff brought said orders to counsel's attention." Mot. Vacate ¶ 1.

> Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Fed. R. Civ. P. 60(b). Whether a party should be granted relief under Rule 60(b) is a matter left to the district court's discretion: "[T]he district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion, and the district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion." *Computer Professionals for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).

Under the terms of Rule 60(b), Plaintiff's Motion to Vacate was not timely filed with respect to the Court's Order denying Plaintiff's Motion to Amend. *See* Fed. R. Civ. P. 60(b) ("The motion

shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). *See also U.S. ex rel. Cyr v. AWL, Inc.*, 159 F.3d 637 (Table) (D.C. Cir. 1998) ("Rule 60(b)(1) motions are timely if filed within a reasonable time not to exceed one year . . . ."); *Baltia Airlines, Inc. v. Transaction Management, Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996). Plaintiff's Motion to Vacate was filed more than one year after the [103] Order denying Plaintiff's Motion to Amend was issued. Consequently, Plaintiff's Motion to Vacate with respect to the Court's Order denying Plaintiff's Motion to Amend shall not be granted under Rule 60(b)(1).

Even if the Court were to make a ruling under Rule 60(b)(1), the D.C. Circuit has determined that a court should take three factors into account: "[W]hether (1) the default was willful; (2) a set-aside would prejudice [the other party], and (3) the alleged [action] is meritorious." *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987) (citations omitted). The Court notes that in the instant case, Plaintiff's counsel (Emmanuel D. Akpan) was electronically sent a copy of the [103] Order denying Plaintiff's Motion to Amend. *See dkt. entry* [103], electronic receipt. Furthermore, it is Plaintiff's obligation to monitor the docket. *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) ("Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket."). Vacating an Order and consequently allowing Plaintiff to file a second amended complaint against Defendants against whom this case has already been dismissed would certainly be highly prejudicial, considering that Plaintiff's Motion to Vacate was filed nearly 14 months after the Court denied Plaintiff's Motion to Amend and approximately six months after the case in its entirety was dismissed. Finally, despite Plaintiff's recitation of case law related to amending complaints, Plaintiff makes absolutely no argument in his Motion to Vacate regarding the actual merits of Plaintiff's action. *See dkt. entry* [107] generally. "[M]otions for

relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense." *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986). *See also Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) ("It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture."). Plaintiff, the movant in this case, has not met his burden of demonstrating in his Motion to Vacate pursuant to Rule 60(b)(1) that his claims have any merit whatsoever.

While Rule 60(b)(6) "gives the district judge broad latitude to relieve a party from a judgment," *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995), such latitude "should be only sparingly used," *Good Luck Nursing Home Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). Relief under Rule 60(b)(6) is granted in only "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 199 (1950). Such extraordinary circumstances may be present "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust . . . even though the original failure to present that information was inexcusable." *Good Luck Nursing Home*, 636 F.2d at 577. However, a party that "has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down." *Id.* To obtain relief in such a situation, then, the moving party must demonstrate that its case "is not the ordinary one." *Computer Professionals*, 72 F.3d at 903. Relying on the analysis applied to Plaintiff's claim under Rule 60(b)(1), the Court also concludes that Plaintiff has not presented any evidence of extraordinary or otherwise compelling circumstances warranting relief within the Court's discretion under Rule 60(b)(6) with respect to Plaintiff's Motion to Vacate the Court's Order denying Plaintiff's Motion to Amend.

Order Adopting Judge Facciola's Report and Recommendation and Granting Defendant's Motion for Summary Judgment

On February 10, 2005, Judge Facciola issued a [105] Report and Recommendation, recommending that the [87] District of Columbia's Motion for Summary Judgment be granted. The Report and Recommenation included the following text: "Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District of Columbia adopting such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985)." R&R at 2.

On April 5, 2005, this Court issued an [106] Order adopting Judge Facciola's [105] Report and Recommendation–noting that no objections had been filed to the Report and Recommendation–and granting [87] Defendant's Motion for Summary Judgment.

On October 6, 2005, Plaintiff filed his [107] Motion to Vacate Order granting Defendant's Motion for Summary Judgment and Order of Dismissal. Plaintiff, through counsel, filed this Motion to Vacate pursuant to "rule 60(b)(1) & (6)." Plaintiff's counsel also claims that he never received a copy of the Court's [106] Order "until September 7, 2005 when Plaintiff brought said orders to counsel's attention." Mot. Vacate ¶ 1. Plaintiff's counsel also claims that he never received a copy of the Report and Recommendation at issue. Mot. Vacate ¶ 20. Plaintiff's counsel further attempts to raise objections to the Report and Recommendation in his Motion to Vacate. Mot. Vacate ¶ 21.

Based on the legal principles set forth above, Plaintiff may not obtain discretionary relief pursuant either Federal Rule of Civil Procedure 60(b)(1) or (b)(6). The Court here repeats that in considering whether to grant a motion to vacate pursuant to Rule 60(b)(1), the D.C. Circuit has determined that a court should take three factors into account: "[W]hether (1) the default was willful; (2) a set-aside would prejudice [the other party], and (3) the alleged [action] is meritorious."

*Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987) (citations omitted).  The Court notes that Plaintiff's counsel (Emmanuel D. Akpan) <u>was</u> electronically sent a copy of the [105] Report and Recommendation issued by Judge Facciola on February 10, 2005, and the Court's [106] Order adopting the Report and Recommendation and granting [87] Defendant's Motion for Summary Judgment.  *See dkt. entries* [105, 106], electronic receipts.  Furthermore, it is Plaintiff's obligation to monitor the docket.  *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) ("Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket.").  In addition to having retained counsel in this case, it should be noted that Plaintiff himself is a sophisticated litigant who is very familiar with the requirement under the local rules that objections to a report and recommendation must be made in a timely fashion, as multiple report and recommendations have been issued in this case and in a number of other cases brought before the instant Court by Plaintiff.

Plaintiff's Motion to Vacate was filed approximately eight months after Judge Facciola issued his Report and Recommendation and approximately six months after this case was dismissed with respect to Defendant.  Reversal of the Court's dismissal considering such a delay would be prejudicial to the Defendant in this case (also noting that Plaintiff originally filed his complaint in this action in May of 1999).

Additionally, Plaintiff does not provide any viable argument with respect to Judge Facciola's Report and Recommendation on the merits of the case.  As set forth in his Report and Recommendation, Judge Facciola determined that Plaintiff never gave notice as required to the Mayor of the District of Columbia of any claims based on Plaintiff's loss of ownership of 5416 9th Street, NW, and 5410 14th Street, NW, and consequently could not pursue such claims.  Judge Facciola relied in part on the affidavit of Tamonica Heard, a clerical assistant from the former D.C.

Office of Corporation Counsel, attached to the [87] District of Columbia's Motion for Summary Judgment, which "states that plaintiff never gave such notice and that he never gave notice of any of the claims asserted in his complaint in this case." R&R at 2. The Report and Recommendation states that this affidavit "is uncontradicted." *Id*. Judge Facciola also notes that a letter offered by Plaintiff as Exhibit 5 to his Opposition does not discuss the claims that Plaintiff raises in *this* case, but instead "notes that the notices he gave to the Mayor in 1996 *pertained to claims premised on his incarceration*." *Id*. (emphasis added).

Plaintiff, in the instant Motion to Vacate, points to his own affidavit[1] as contradicting Ms. Heard's affidavit. However, while Plaintiff's affidavit broadly states that "I have given the District notice that is required by law," the Exhibits referred to in Plaintiff's affidavit (Exhibits 2 and 5 to Plaintiff's [99] Opposition) merely respectively reflect that the District of Columbia received a letter from Plaintiff on May 16, 1996, and that Plaintiff's letter related to issues surrounding Plaintiff's incarceration. Furthermore, Plaintiff claims that "[t]he Magistrate Judge did not include the remaining part of Exhibit 5 which specifically stated that Plaintiff's conditions of confinement violated his constitutional rights to protect his properties, (see exhibit A). This exhibit was part of exhibit 5 in Plaintiff's opposition to defendant's motion for summary judgment." Mot. Vacate ¶ 21. The Court first notes that the third page of Exhibit A to Plaintiff's Motion to Vacate, a letter to the Mayor of the District of Columbia dated May 13, 1996, was <u>not</u> filed as part of Exhibit 5 to Plaintiff's Opposition. *See* Pl.'s Opp'n at Exh. 5. Regardless, the letter cited by Plaintiff complains that D.C. officials were allegedly "discriminating against [Plaintiff] because of [his] disability and ethnic origin by not housing [him] in community correction centers (CCCs)–halfway houses and

---

[1] Plaintiff's affidavit was filed as Exhibit 2 to [99] Plaintiff's Opposition to the District's Motion for Summary Judgment and again filed as Exhibit B to his Motion to Vacate.

minimum security facilities while other less qualified but more violent inmates who are neither disabled nor from [his] ethnic origin are housed in [such facilities]." Mot. Vacate at Exh. A at 3. This letter clearly states claims emanating from the fact of Plaintiff's incarceration in a maximum security facility–the letter does not state claims arising out of Plaintiff's loss of ownership of 5416 9th Street, NW, or 5410 14th Street, NW, and as such does not demonstrate that Plaintiff provided required notice related to such claims or contradict Ms. Heard's affidavit in any way. The assessment on the merits found in the Report and Recommendation that Plaintiff did not provide proper notice necessary to bring the claims raised in the instant case is not mitigated in any way in Plaintiff's Motion to Vacate.

Finally, the Court also concludes that Plaintiff has not presented any evidence of extraordinary or otherwise compelling circumstances warranting relief within the Court's discretion under Rule 60(b)(6) with respect to his Motion to Vacate the Court's Order granting Defendant's Motion for Summary Judgment and dismissing the case.

For the foregoing reasons, Plaintiff's [107] Motion to Vacate Order Denying Plaintiff's Motion to Amend, Order Granting Defendant's Motion for Summary Judgment and Order of Dismissal is DENIED. An Order accompanies this Memorandum Opinion.

Date: April 18, 2006

/s/
_____
COLLEEN KOLLAR-KOTELLY
United States District Judge